FILED IN OPEN COURT
6/19/2018
TIMOTHY M OBRIEN, CLERK
BY
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO. 17-20055CM** |
| vs | ) | |
| | ) | |
| JAMIE DRAKE | ) | **ORIGINAL** |
| | ) | |
| Defendant. | ) | |

### PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by and through Kim I. Flannigan, Assistant United States Attorney, and Jamie Drake, the defendant, personally and by and through his attorney, Chekasha Ramsey, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

**1.** **Defendant's Guilty Plea.** If the Court permits, the defendant agrees to plead guilty to Count 1 of the Information filed June 14, 2018, charging a violation of Title 18 United States Code Section 2422(b), Coercion and Enticement of a Minor, by entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of it. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which the defendant has agreed to plead guilty is not less than 10 years and not more than life imprisonment, a $250,000 fine, a period of not less than 5 years nor more than life of supervised release, and a $100 mandatory special assessment.

**2.** **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On July 12, 2016, a 17-year-old female reported to law enforcement that her 16-year-old sister was being solicited sexually online by a 37-year-old man. Officers investigated and identified the defendant, Jaime Drake as the person communicating with the underage girl.

Further investigation revealed the defendant was engaging in the online solicitation of several

underage girls.   Investigators discovered the defendant had propositioned a 16-year-old girl

from Franklin County, Missouri offering to pay her bills and send her money in exchange for

images of a sexual nature. This girl advised the defendant that she was only 16 years old, On

May 30, 2016 the defendant continued to pressure this girl asking her to send pictures in

exchange for money.   The girl send a nude photo of herself lying on a bed .The defendant then

asks her to send him pictures of her in her bra and panties. The defendant states, "U ar amazing

give me a ass shot" The girl complies by sending him a picture of her backside in a mirror.   The

defendant then says, "Very nice now the front" The girl sent the requested picture, to which the

defendant replied, "Spread ur legs open more and move ur hand silly girl." The girl complies

with the defendant's request, and the defendant asks, "send me one just like the last one but pull

those panties to the side."   The girl sent a picture of her vagina to the defendant in which her

legs are spread and she was using her hand to touch her own vagina.

       3.      **Proposed (c)(1)(C) Sentence.**      The parties propose, as an appropriate

disposition of the case, a sentence of 151 months in prison for defendant's violation of Title 18

United States Code Section 2422(b); an amount of restitution to be determined by the District

Court at sentencing; 8 years of supervised release; and the mandatory special assessment of $100

to be paid during the defendant's incarceration.   The parties seek this binding plea agreement as

an appropriate disposition of the case because it brings certainty to the sentencing process and

assures that the defendant and the government will benefit from the bargain they have struck if

the Court permits itself to be bound by the proposed sentence; the interests of justice are served

by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18

U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored

2

to the positions they maintained prior to reaching this plea agreement.   This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

      **4.**    **Application of the Sentencing Guidelines.**   The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines because the parties are requesting a sentence at or near the anticipated guideline range.

      **5.**    **Government's Additional Agreement.**   In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees not to file any additional charges against the defendant arising out of the facts forming the basis for the Information.   Additionally, the government will agree to dismiss, at the time of sentencing, the Indictment currently pending against the defendant.

      **6.**    **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**   The Court has no obligation to accept the proposed plea agreement and sentence.   It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

      **7.**    **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**   On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it.   Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

      **8.**    **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $100 per count will be entered against the defendant at the time of

sentencing.   The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

9.   **Waiver of Appeal and Collateral Attack.**   If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence, (including any terms of supervised release, or any sentence imposed upon revocation of supervised release).   The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.   By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the range agreed to by the parties.   The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed.   Rule of Civ. Pro. 60(b). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10.   **Waiver of FOIA Request.**   The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C.

§ 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a

     **11.**    **Full Disclosure by United States.**   The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

     **12.**    **Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

     **13.**    **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____     Date: ___6-18-18___
SCOTT RASK, #15643
Criminal Coordinator
Kansas City, Kansas
500 State Avenue, Suite 360
Kansas City, Kansas
(913) 551-6730 (telephone)
E-Mail Scott. Rask@usdoj.gov

_____     Date: ___6/18/18___
KIM I. FLANNIGAN, # 13407
Assistant United States Attorney

_____     Date: ___6/19/18___
JAMIE DRAKE
Defendant

_____     Date: ___6/19/18___
CHEKASHA RAMSEY
Attorney for Defendant Jaime Drake

6